UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPOSITE SALES & MARKETING, INC.,

        Plaintiff,                        Case Number: 08-14997

v.                                             JUDGE PAUL D. BORMAN
                                                 UNITED STATES DISTRICT COURT

CAMALI INDUSTRIES (NA) INC.,

        Defendant.
_____ /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

     Before the Court is Defendant Camali Industries (NA) Inc.'s ("Defendant") motion to dismiss for lack of personal jurisdiction, filed March 11, 2009. (Doc. No. 11). Plaintiff Composite Sales & Marketing, Inc. ("Plaintiff") responded on April 14, 2009. (Doc. No. 14). The Court heard oral argument on July 16, 2009. For the reasons stated below, the Court **DENIES** Defendant's motion to dismiss.

**I. BACKGROUND**

     This lawsuit arises from a sales agency contract entered into by Plaintiff and Defendant. Pursuant to the agreement, Plaintiff was to serve as an independent sales representative for Defendant. Plaintiff alleges that Defendant, a manufacturer of acoustic and sound treatment products, failed to pay sales commissions due to Plaintiff under the contract.

     On December 2, 2008, Plaintiff, a Michigan corporation, filed a complaint in this Court against Defendant, a Canadian corporation. (Compl. 1-2). Plaintiff averred that Defendant has its principal place of business in Cambridge, Ontario and acknowledged that Defendant does not have

1

a place of business in Michigan. (*Id.*).

In the complaint, Plaintiff alleged the following claims: 1) breach of an express contract; and 2) breach of contract based on the procuring cause doctrine. (*Id.* at 14, 16-19). Plaintiff alleged that Defendant retained Plaintiff to be its manufacturer's representative in 2005. (*Id.* at 5). Plaintiff claimed that it solicited business from York Corporation on behalf of Defendant, and York issued purchase orders based on the quotes Plaintiff provided to York. (*Id.* at 6-7). Plaintiff alleged that Defendant has not paid Plaintiff the commission due on the York business. (*Id.* at 9). Plaintiff further alleged that Defendant failed to pay Plaintiff commissions for soliciting business from four other companies in the United States. (*Id.* at 10).

In lieu of answering Plaintiff's complaint, Defendant filed the instant motion to dismiss for lack of personal jurisdiction.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

Defendant first argues that Plaintiff cannot establish a prima facie case for personal jurisdiction because this Court does not have personal jurisdiction over Defendant, a nonresident, under Michigan's general or long-arm statutes. (Def.'s Mot. 7-8). Defendant further argues that an exercise of personal jurisdiction by this Court would be inconsistent with the Due Process Clause of the Fourteenth Amendment. (Def.'s Mot. 11).

Plaintiff responds that this Court has personal jurisdiction over Defendant because Defendant carries on a continuous and systematic part of its business within Michigan. (Pl.'s Resp. 2).

Personal jurisdiction is governed by both state statute and by the United States Constitution. Before exercising jurisdiction, the Court must decide whether exercising jurisdiction is: 1)

authorized by one of Michigan's long-arm jurisdictional statutes; and 2) "consistent with the requirements of the Due Process Clause of the Fourteenth Amendment." *Aaronson v. Lindsay & Hauer Int'l. Ltd.*, 235 Mich. App 259, 262 (1999). Michigan has two personal jurisdiction statutes for corporations: a general jurisdiction statute, Mich. Comp. Laws § 600.711, and a limited jurisdiction statute, Mich. Comp. Laws § 600.715. Here, only general personal jurisdiction is alleged by Plaintiff; it is undisputed that the limited jurisdiction statute does not apply.

General personal jurisdiction over a corporation exists when: 1) the corporation incorporated in Michigan; 2) the corporation consents to jurisdiction in a Michigan court; or 3) the corporation carries on "a continuous and systematic part of its general business within the state." Mich. Comp. Laws § 600.711.

It is uncontested that Defendant is not subject to jurisdiction of this Court under the first two prongs of the statute; Defendant is a Canadian corporation and it has not consented to jurisdiction in this Court. Subject matter jurisdiction, therefore, hinges on whether Defendant's business dealings in Michigan were continuous and systematic.

A trial court may consider whether a corporation has a place of business, officers, employees, or bank accounts in Michigan when deciding whether it can exercise general personal jurisdiction over a corporation. *Oberlies v. Searchmont Resort, Inc*., 246 Mich. App. 424, 427-428 (2001). Defendant does not have a place of business, officer, employee, or bank accounts in Michigan. The Court may also consider the corporation's conduct in the state. *See e.g.*, *Helzer v. F Joseph Lamb Co.*, 171 Mich. App 6, 11 (1988) (regularly bought and sold parts in Michigan and sent a courier here daily); *Kircos v. Goodyear Tire & Rubber Co.*, 70 Mich. App 612, 614 (1976) (solicitation of sales by various methods, presence of a dealer in the state, earning an average of 2.78% of total

revenues from Michigan customers, during 1970-1974 and 1.67% of total revenues in 1975); *June v. Vibra Screw Feeders, Inc*., 6 Mich. App 484, 492 (1967) (dozens of sales in Michigan throughout the year preceding the filing of the suit, which sales totaled over $30,000)

Defendant conducted significant business in Michigan, and Defendant's business dealings in the state were systematic and continuous. Defendant sold $244,601 worth of goods to Michigan customers, which represents 1% of its annual sales. Defendant had a large volume of sales to Michigan customers, and the sales occurred regularly throughout the year. In addition, Defendant received purchase orders from the Michigan office of CTS, a division of a Canadian company, for goods that were shipped to Kentucky. The amount of sales Defendant had within the state of Michigan shows that Defendant has regular business dealing in the state.

The exercise of jurisdiction in this case comports with due process. To determine whether a defendant has sufficient minimum contacts with Michigan, the courts apply a three-part test:

> First, the defendant must have purposefully availed itself of the privilege of conducting activities in Michigan, thus invoking the benefits and protections of this state's laws. Second, the cause of action must arise from the defendant's activities in the state. Third, the defendant's activities must be so substantially connected with Michigan to make the exercise of jurisdiction over the defendant reasonable.

*Mozdy v. Lopez*, 197 Mich. App 356, 359 (1992).

In other words, purposefully availed means that the defendant must deliberately engage in significant activities in the state such that it is reasonable to require the defendant to submit to the burden of litigation in the state. *Vargas v. Hong Jin Crown Corp*, 247 Mich. App 278, 285 (2001). "So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 476 (1985).

Here, Defendant purposefully availed itself of the privilege of conducting activities in Michigan by successfully and regularly selling goods within the state. Also, this cause of action arises from a sales contract Defendant entered into with a resident of Michigan. Lastly, the exercise of jurisdiction is reasonable because Defendant has a regular and continuous business presence in the state.

Accordingly, the Court holds that the exercise of subject matter jurisdiction is proper in this case. Defendant's motion to dismiss for lack of subject matter jurisdiction is, therefore, **DENIED**.

## B. Forum Non Conveniens

Alternatively, Defendant argues that this Court should dismiss Plaintiff's complaint under the doctrine of forum non conveniens. Defendant contends that the Canadian court system can adequately remedy Plaintiff's alleged injuries. (Def.'s Mot. 15). Defendant further argues that private and public interests strongly favor dismissal for forum non conveniens. (*Id.*)

Plaintiff opposes dismissal based on forum non conveniens, arguing that: the plaintiff's selection of forum should govern, the witnesses in this case are few and will not be inconvenienced, and Plaintiff's counsel is working on a contingency fee basis, which is not available in Canada. (Pl.'s Resp. 4).

A federal court may dismiss a case on the ground of forum non conveniens "when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 429 (2007), quoting *American Dredging Co. v. Miller*, 510 U.S. 443, 447-448 (1994).

"A defendant invoking forum non conveniens ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Id*. at 430.

Defendant offers the Canadian court system as an adequate alternative forum to hear this case. Although the Canadian court system is undoubtedly a qualified alternative forum to hear this case, that factor alone does not warrant dismissal. The Court must also consider whether keeping the case in this jurisdiction would be oppressive or vexatious to Defendant, which is not proportionate to plaintiff's convenience of litigating in this forum, and whether the chosen forum is not appropriate given the court's administrative and legal problems.

These factors also weigh in against of dismissal for forum non conveniens. Defendant is a Canadian company, its offices are located in Canada, the employees involved in this sales agreement relationship are in Canada and the agreement was executed in Canada. Nonetheless, this breach of contract claim is relatively simple, and would not require Defendant to produce numerous witnesses or voluminous amounts of evidence from its offices in Canada. Moreover, Defendant has not produced any evidence or argument establishing that litigating this case in this Court would be oppressive or vexatious. Thus, the convenience to Plaintiff is not unduly outweighed by the inconvenience to Defendant. Also, this Court does not suffer from administrative or legal issues that prevent it from presiding over this matter. In sum, Defendant has overcome its heavy burden in opposing Plaintiff's chosen forum. The Court, therefore, **DENIES** Defendant's motion to dismiss for forum non conveniens.

## III. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion to dismiss for subject matter jurisdiction.

SO ORDERED.

                                          s/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: August 26, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 26, 2009.

                                          s/Denise Goodine
                                          Case Manager